# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

v.   CRIMINAL NO. 2004-10181-DPW

THOMAS STAUNTON.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3143*

COLLINGS, U.S.M.J.

The defendant was arrested on a warrant issued in the above-styled case on a petition charging him with a violation of supervised release. The United States seeks his detention pending a revocation hearing before the District Judge to whom this case is assigned. A detention hearing was scheduled for September 16, 2004; at that time, the defendant, through counsel, stated that he did not contest the Government's motion to detain him.

In order to be released pending a final revocation hearing before the District Judge, the defendant has the burden of proving that he will not flee or

pose a danger to the safety of any other person or the community if released. *See* Rules 32.(a)(1) and 46(c), Fed.R.Crim.P.; 18 U.S.C. § 3143(a)(1).[1]

I find that the defendant has failed to meet his burden.

The defendant not having met the prerequisites for release, pursuant to 18 U.S.C. § 3143, it is ORDERED that the defendant be, and he hereby is, DETAINED pending completion of a hearing on the revocation of supervised release pursuant to Rule 32.1(b), Fed.R.Crim.P. before the District Judge to whom this case is assigned. Pursuant to 18 U.S.C. § 3142(e), my findings are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

---

[1] Rule 46(c), Fed.R.Crim.P., references 18 U.S.C. § 3143 and then provides that "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." The Rule does not state what the burden is. The burden set forth in 18 U.S.C. 3143 is by clear and convincing evidence unless the defendant is a "person for whom the applicable guidelines does not recommend a term of imprisonment." Since the guidelines do not recommend terms of imprisonment for persons who have violated supervised release, I take the position that the defendant's burden as set forth in Rule 46(c), Fed.R.Crim.P., is by a preponderance of the evidence rather than by clear and convincing evidence.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. Sec. 3145(b).

All papers in the case are RETURNED to the Clerk's Office.

The Clerk shall enter on the docket the fact that the case "is no longer referred to Magistrate Judge Collings."

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: September 21, 2004.