AO 245D (Rev. 3/01)  Sheet 1 - Judgment in a Criminal Case for Revocations - D Massachusetts (09/02)

# United States District Court
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS STAUNTON | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 1: 04 CR 10181 - 001 - DPW<br><br>Eugene P. McCann, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[x] admitted guilt to violation of condition(s) _see below_ of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial of guilt.

Accordingly, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Standard #2 | Failure to report to Probation Officer; (5/6/04; 5/24/04; 6/8/04; 6/11/04; 6/28/04 7/1/04); Failure to submit written reports (4/04; 5/04; 6/04) | 07/01/04 |
| Standard #7 | Unlawful Use of Controlled Substance (cocaine)(11/18/03; 12/1/03; 4/16/04, 4/28/04) Failure to appear for drug screening program on 8 occasions since 12/19/03. | 04/28/04 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district with 30 days of any change of name, residence, or maling address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: XXX-XX-2510 | 09/27/04<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: XX/XX/1970 | The Honorable Douglas P. Woodlock |
| Defendant's USM No.: unknown | Signature of Judicial Officer<br>/s/ Douglas P. Woodlock |
| Defendant's Residence Address:<br>304 Neponset Ave. #2<br>Dorchester, MA 02122 | Judge, U.S. District Court<br>Name & Title of Judicial Officer |
| Defendant's Mailing Address:<br>Same as above | 9/27/04<br>Date |

Continuation Page - Nature of Violations

CASE NUMBER: **1: 04 CR 10181 - 001 - DPW**  
DEFENDANT: **THOMAS STAUNTON**

Judgment - Page 2 of 5

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Special #1 | Failure to participate in substance abuse treatment since 4/27/04. | 07/06/04 |

AO 240D (Rev. 3/01) Judgment in a Criminal Case for Revocations: Sheet 2 - Imprisonment

CASE NUMBER: **1: 04 CR 10181 - 001 - DPW**  Judgment - Page 3 of 5
DEFENDANT: **THOMAS STAUNTON**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   **4 month(s)**

[x]  The court makes the following recommendations to the Bureau of Prisons:

Defendant should be designated to FMC Devens or some other facility that can address Defendant's medical needs promptly.

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
   [ ] at _____ on _____
   [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _____ on _____
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245D (Rev. 3/01) Sheet 3 - Supervised Release

CASE NUMBER: 1: 04 CR 10181 - 001 - DPW  
DEFENDANT: THOMAS STAUNTON

Judgment - Page 4 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   56 month(s)

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

| | | |
|---|---|---|
| CASE NUMBER:<br>DEFENDANT: | 1: 04 CR 10181 - 001 - DPW<br>THOMAS STAUNTON | Judgment - Page 5 of 5 |

**Continuation of Conditions of  ☒ Supervised Release  ☐ Probation**

1. THE DEFENDANT SHALL COMPLY WITH THE SPECIAL AND STANDARD CONDITIONS OF SUPERVISED RELEASE AS ORIGINALLY SET BY HON. MARY L. COOPER, U.S.D.J. ON JUNE 11, 2003 AND THOSE THAT ARE DESCRIBED AT U.S.S.G. §5B1.3(c).

2. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL NOT USE ANY UNLAWFUL CONTROLLED SUBSTANCE.

5. UPON RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT SHALL SERVE THE FIRST THREE MONTHS OF SUPERVISED RELEASE AT A COMMUNITY CORRECTIONS CENTER (COOLIDGE HOUSE).

6. UPON COMPLETION OF THE PERIOD OF CONFINEMENT IN A COMMUNITY CONFINEMENT CENTER, THE DEFENDANT SHALL SERVE THE FOLLOWING SIX MONTHS AT A SOBER HOUSE, TO BE DESIGNATED BY THE PROBATION OFFICER.  THE DEFENDANT SHALL COMPLY WITH ALL RULES AND REGULATIONS OF THE SOBER HOUSE.

7. THE DEFENDANT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT PROGRAMS, INCLUDING DRUG AND ALCOHOL TESTING, AS DIRECTED BY THE U.S. PROBATION OFFICER. THE DEFENDANT SHALL SUBMIT TO DRUG TESTING AS DIRECTED BY THE U. S. PROBATION OFFICER, NOT TO EXCEED 104 DRUG TESTS PER YEAR.  THE DEFENDANT SHALL ABIDE BY ANY RULES AND REGULATIONS OF ANY DRUG TREATMENT PROGRAM.

8. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM, AS DIRECTED BY THE U.S. PROBATION OFFICER.   THE DEFENDANT SHALL ABIDE BY ANY RULES AND REGULATIONS OF ANY SUCH TREATMENT PROGRAM.